WILLIAM B. MITCHELL *vs.* JOSEPH MCFARLAND.

December 21, 1891.

Taxes—Redemption Notice—Direction and Service.—The notice required by Gen. St. 1878, c. 11, § 121, to terminate the right of redemption from a tax-sale, should be directed to and served on the person in whose name the land is assessed, even though that person is the holder of the tax-sale certificate.

Adverse Claims—Waiver by Defendant of Objections to Action.—When, in an action under the statute to determine adverse claims to real estate, the defendant sets up in his answer his own claims to the real estate, he waives the objection that the land is not vacant, or the plaintiff not in possession.

Tax-Certificate Proved by Parol—Effect as Evidence.—A certificate of tax-sale has the *prima facie* effect given it by statute, even where, because of its loss or destruction, its contents are proved by parol.

Appeal by plaintiff from a judgment of the district court for Stearns county, where the action (brought to determine defendant's adverse claims to land in that county) was tried by *Baxter*, J., without a jury.

*G. W. Stewart*, for appellant.

*Charles J. Berryhill*, for respondent,

GILFILLAN, C. J.  The tax-sales to plaintiff having been found in all respects regular, the only question for the court to determine, in order to find the title was in plaintiff, was whether the right to redeem had been terminated by service of the notices required by Gen. St. 1878, c. 11, § 121.  These notices are found to have been regular and sufficient in form, and to have been properly served, except that they were directed to and served on the plaintiff.  At the times of issuing and serving the notices the land was assessed in the name of plaintiff.  Whether it would or would not have been good policy in the statute to provide that the notice should be directed to and served on some other than the person in whose name the land is assessed, when that person is the purchaser at the tax-sale, is not for us to determine.  The statute provides that it shall be directed to and served on the person in whose name the land is assessed, and it makes no

exception of any case. That it must be so directed and served has been three times decided by this court. *Western Land Association* v. *McComber*, 41 Minn. 20, (42 N. W. Rep. 543;) *Wakefield* v. *Day*, 41 Minn. 344, (43 N. W. Rep. 71;) and *Sperry* v. *Goodwin*, 44 Minn. 207, (46 N. W. Rep. 328.) In each of the last two of these cases the person in whose name the land was assessed, and whom the court held to be the proper person to whom to direct and upon whom to serve the notice, was the holder of the tax-sale certificate. In the second case the court said: "We do not think, therefore, there is any implied exception in the application of the statutory requirement in a case like this." The decision of the court below that the notices were insufficient to terminate the right of redemption was error.

The action is under the statute to determine adverse claims, the complaint alleging plaintiff's ownership, and that the land is vacant. The answer denies that plaintiff is the owner, and also that the land is vacant; alleges the patenting of the land at a specified date by the United States to defendant; sets forth plaintiff's claim of title under the tax-sales, and what defendant claims to be the defect in the directing and service of the notices, to wit, that they were directed to and served on the plaintiff; and asks judgment that the action be dismissed, and for costs. There was a reply denying the new matter in the answer. There was a trial, manifestly on the merits, and a decision and judgment in favor of defendant, not for dismissal, but on the merits. The court, in its findings, did not find that the land was vacant. The defendant claims that therefore the judgment in his favor is correct. If it were true that a judgment for plaintiff could not be sustained in the absence of such a finding, yet it would not follow that, because there is no such finding, a judgment on the merits in favor of defendant must stand. But, as the case is presented on the record, such a finding is not at all necessary to sustain a judgment in favor of plaintiff. As said in *Hooper* v. *Henry*, 31 Minn. 264, (17 N. W. Rep. 476,) the fact, in such actions, that the land is or is not vacant, or that the plaintiff is in or out of possession, does not go to the merits of the controversy between the parties, but only to the plaintiff's right to present the matters in controversy for determination in this particular form of action. The court being

competent to determine the controversy, it must do so if the parties present it for its determination. Any objection to the form of action adopted by plaintiff is for the defendant to make, and he may waive it. In the case cited it was held that the defendant waives it when he presents his own claims for the court to determine. He cannot in the same breath object to the court proceeding in the action, and also ask it to determine his rights. It must be assumed that when defendant denies plaintiff's title, sets forth his own title, and what he supposes to be plaintiff's claim of title, and his objections thereto, he does it for the purpose of an adjudication upon the matters so set forth. That is a waiver of objection to the form of action in which the plaintiff brings the controversy before the court.

There is nothing in the objection that a tax-sale certificate does not have the *prima facie* effect ascribed to it by the statute, where, the certificate being lost or destroyed, its contents must be proved by parol.

Judgment reversed, and the court below will render judgment on the findings in favor of plaintiff.