57  397
s65  468

Sam R. Eide *vs.* Nehemiah P. Clarke.

Argued May 23, 1894. Affirmed June 1, 1894.

No. 8752.

Lands are assessed when the assessor makes return to the Auditor.

Where a notice of the time when the right to redeem from a tax sale will expire, under 1878 G. S. ch. 11, § 121, was to the person in whose name the lands were assessed the year before, and such notice was made out after the assessor had returned his assessment book for the present year to the county auditor, as provided in section 41, in which book the lands are assessed to another person, *held*, the notice is not to the person in whose name the lands are assessed, and is void, and does not cut off the time to redeem.

Notice misstating dates of judgment and sale.

Where such a notice recited a tax sale as made on a certain day, on which day in fact no such sale was made, and recited the tax judg-

ment on which the sale was made as entered on a later day, on which day in fact no such judgment was entered, the tax sale recited appearing on the face of the notice to be void by reason of the false dates, and there being no sufficient description to identify either the sale or the judgment if the false dates are rejected, *held*, the notice is void.

Appeal by plaintiff, Sam R. Eide, from a judgment of the District Court of Swift County, *Gorham Powers*, J., entered June 8, 1893.

Plaintiff was in possession of and claimed to own in fee the north half of the southwest quarter and the south half of the northwest quarter of section twenty three (23), T. 121, R. 39, in Swift County and commenced this action October 15, 1891, under 1878 G. S. ch. 75, § 2, to determine the adverse claims of the defendant, Nathaniel P. Clarke. He answered that Martin Merrick mortgaged the land January 20, 1878, with covenants to Catharine Swift for $672 and interest and that Merrick afterwards acquired the patent title, that she assigned the mortgage to defendant and that he foreclosed it June 20, 1891, under a power therein and became the purchaser at the sale for $1,350, and at the date of the commencement of this action held the certificate of purchase and claimed it to be a valid and subsisting lien on the land. On the trial plaintiff deraigned title under the proceedings mentioned in the opinion to enforce payment of delinquent taxes. The court made findings and ordered judgment that defendant's certificate of sale on foreclosure was a valid lien on the land for the amount thereof but subject to the prior lien of $105.43 due upon the certificate of sale under the tax judgments and that defendant had the right to redeem from these tax certificates. Judgment was entered pursuant to the order and plaintiff appeals.

*S. H. Hudson*, for appellant.

The only question raised by this appeal is, whether the notices issued and served as required by 1878 G. S. ch. 11, § 121, were a sufficient compliance with that statute so as to terminate the right of redemption from the tax sales in question.

The objection to these notices and the one on which the court below based its decision, was that they were not addressed to and served on the proper party; that Martin Merrick, to whom the notices were addressed was not the party in whose name the land was

assessed on July 6, 1886, the date of the notices. The question then is, to whom was this land assessed on that date. The facts affecting this question are presented by stipulation of counsel.

The word "assess" or "assessment" is sometimes used to indicate the process or proceedings by which the value or basis for taxation is determined, but more often to the whole proceeding from the beginning until the amount or proportion of the tax each is to pay is finally fixed and determined. This latter construction was adopted by this court in *Webb* v. *Bidwell*, 15 Minn. 479; *McCormick* v. *Fitch*, 14 Minn. 252. See, also, *Prentice* v. *Ashland Co.*, 56 Wis. 345; *People* v. *Suffern*, 68 N. Y. 323.

If the notices of July, 1886, be considered insufficient for any reason, the notices issued July 29, 1889, were sufficient. It is conceded that when issuing these notices the auditor used a blank form in which he incorrectly inserted the date of tax judgment in the space intended for the date of sale, and *vice versa*. Notwithstanding this error the notices contain all that the statute requires and this error is immaterial.

The amendment made by Laws 1889, ch. 198, to § 121 does not affect this case, because these tax certificates were issued prior thereto. *Merrill* v. *Dearing*, 32 Minn. 479; *State ex rel.* v. *McDonald*, 26 Minn. 145. The requirement that the officer return the notice within twenty days is merely directory. *Kip* v. *Dawson*, 31 Minn. 373; *Banning* v. *McManus*, 51 Minn. 289.

*G. W. Stewart*, for respondent.

The stipulation conclusively establishes that at the time of the issuance of the notices of expiration of redemption, July 6, 1886, the lands in controversy were assessed in the name of S. H. Hudson. 1878 G. S. ch. 11, §§ 6, 28, 29, 33, 41, 44, 46. From these several sections it appears that this assessment is the work of the assessor, that this assessment must be made and complied in the months of May and June. The lands in controversy were not assessed in the name of Martin Merrick to whom the notice of redemption issued, and the notice did not terminate the period of redemption. *Wakefield* v. *Day*, 41 Minn. 344; *Western Land Ass'n* v. *McComber*, 41 Minn. 20; *Mitchell* v. *McFarland*, 47 Minn. 535.

The notices of July 29, 1889, are void upon their face. They do not state the correct date of sale nor the correct amount to be paid upon redemption. The date of sale is stated to have been August 14, 1882, and the date of the tax judgment September 22, 1882, a discrepancy which ought to avoid the notices.

CANTY, J. Plaintiff brought the statutory action to determine adverse claims to the real estate in question. Whether he has title to the land depends on whether or not the tax sales hereinafter specified have ripened into titles. The defendant claims a lien as mortgagee under a mortgage from the holder of the title acquired by the government patent.

On the trial by the court below without a jury the court found that the tax sales were valid, but that no notice of the time when the right to redeem from such tax sales would expire had ever been given, and that, therefore, the time to redeem had not expired, and that defendant had a valid lien by virtue of his said mortgage, but it was subordinate to the lien of plaintiff for the sum due him under said tax sales. From the judgment entered thereon plaintiff appeals.

1. The county auditor made out notices—one for each piece of land —of the time when the right to redeem from the tax sales would expire. The first notices so made out were served by publication. They were addressed to one Merrick, a former owner of the land, in whose name it was assessed for the taxes of 1884 and 1885. These notices were made out and dated July 6, 1886, and it is stipulated by the parties that in the proceedings for the assessment of this land in the year 1886 the real-estate list furnished by the auditor to the assessor under the provisions of 1878 G. S. ch. 11, § 29, states that S. H. Hudson is the owner of the land; that the list was returned by the assessor and filed with the auditor, July 5, 1886,—the day before the date of these notices; that the county board of equalization met, and reviewed the list, as required by law, July 19th, and the state board met, and passed on it, in September, 1886.

Section 121 of said chapter 11 requires such notice to be "to the person in whose name such lands are assessed," and this court has several times held that this is mandatory, and a failure to address the notice to the person in whose name the lands are assessed is fatal. *Western Land Association* v. *McComber,* 41 Minn. 20, (42

N. W. 543;) *Wakefield* v. *Day*, 41 Minn. 344, (43 N. W. 71;) *Mitchell* v. *McFarland*, 47 Minn. 535, (50 N. W. 610;) *Sperry* v. *Goodwin*, 44 Minn. 207, (46 N. W. 328.)

The question now before the court is, at what stage of the tax proceedings are the lands assessed, within the meaning of the above provision? The appellant claims that they are not assessed until the different equalization boards have passed on the property lists and values, and the taxes are actually apportioned and levied; and that, as the new tax proceedings had not yet reached that stage, the lands were still assessed in the name of Merrick, and the redemption notices were properly addressed to him. We are not of that opinion. The word "assessed" has several meanings, and there is a difference according to the language of the statute between assessing the lands and assessing the taxes. We are of the opinion that the lands "are assessed," for the purposes of this notice, when the assessor returns the assessment book, properly filled out, to the county auditor, as provided in section 41; and the name of the person then stated in the assessment book as owner of a parcel of land is the person in whose name the land is then assessed. Section 29 provides that the county auditor shall provide the necessary assessment books, and in the real property assessment books make out a complete list of the lands subject to taxation, and the names of the owners if to him known, and deliver them to the assessors on the last Saturday in April. Section 32 provides that the assessor shall assess all real property situated in his town. Section 33 provides that he shall do this in May and June of each year, and shall actually view and determine the true and full value of each tract of land. Section 39 provides that the town board of equalization shall meet on the fourth Monday in June for the purpose of reviewing the assessment of property in such town. Section 41 provides that the assessor shall return the assessment books to the county auditor on or before the first Monday in July, and that they shall be filed and preserved in his office. Section 43 provides that the county auditor shall then examine the books, and, if he discovers that the assessment of any property has been omitted, he shall enter the same upon the list, and forthwith notify the assessor, etc. The lands are assessed as soon as the books are returned by the assessor to the county auditor, though the taxes are not yet assessed. This land being assessed in

v.57m.—26

the name of S. H. Hudson at the time these redemption notices were made out, they are void, and did not cut off the time to redeem.

2. The second set of notices so served were made out for the same lands, and dated July 29, 1889, but recite that the tax sale took place on the 14th day of August, 1883, under a tax judgment entered on the 19th day of September, 1883, while, as a matter of fact, the sale was on the latter date, and the judgment was entered on the former. These notices described a sale as taking place more than a month before the entry of the judgment under which it was made. Such a sale would be void on its face. On the other hand, if we reject both of these false dates, we are of the opinion that there is not left sufficient description to identify either the sale or the judgment, at least with the certainty required in such proceedings to divest the owner of his title. For these reasons we are of the opinion that these notices of the time of expiration are also void.

This disposes of the case, and the judgment appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 484.)