JOHN LINDBLOOD AND JULIE LINDBLOOD v. WARREN MINING COMPANY AND FITGER BREWING COMPANY.[1]

July 13, 1923.

No. 23,490.

**Proof insufficient to cancel mortgage on ground of fraud.**
    1. The rule that evidence to justify the cancelation in equity of a formally executed written contract must be clear and convincing, applied to an action to set aside a mortgage of real property on the ground of fraud, and the evidence presented *held* insufficient.

**Notice of foreclosure duly served.**
    2. The evidence supports the findings of the trial court to the effect that a notice of mortgage foreclosure was duly served.

**Record proof of notice not lightly vacated.**
    3. The official certificate of such service is not lightly to be set aside.

[1]Reported in 194 N. W. 778.

**When service of such notice on wife is unnecessary.**

4. Where the husband is the owner of premises mortgaged to secure his debt, and the husband and wife reside thereon in amicable relations, with no right or interest in the wife other than such as the law grants to her by reason of such relation, service of notice of foreclosure upon her is unnecessary.

**No relief in equity after illegal contract has been performed.**

5. A party to an illegal executory contract which, by action of the parties and operation of law, has become fully executed, is not entitled to relief therefrom in a suit in equity. In such situation equity will leave the parties where it finds them.

Action in the district court for St. Louis county to determine adverse claims to certain real estate. The case was tried before Magney, J., who made findings and ordered judgment in favor of defendant mining company. From an order denying their motion for additional and amended findings and conclusions and for judgment in their favor, plaintiffs appealed. Affirmed.

*Lewis & Hunt* and *C. G. Anderson*, for appellants.

*Crassweller & Crassweller* and *P. C. Schmidt*, for respondents.

BROWN, C. J.

Plaintiff John Lindblood on October 31, 1908, was the fee owner of the property involved in this action, namely, lots 8 and 25 of block 6 of the town of Hibbing, St. Louis county, and on that day, his wife and coplaintiff joining, mortgaged the same to defendant Fitger Brewing Company to secure the payment of the sum of $5,500 then loaned to him by the company. The mortgage was duly recorded. Default having been made in the payments thereby stipulated, the mortgage was foreclosed by due proceedings had for the purpose, and at the sale therein on September 9, 1912, the mortgaged property was struck off and sold to the brewing company as the best bidder. The usual certificate of sale was executed and recorded. No redemption was made. A prior mortgage upon the same property had been given by plaintiffs to one Corey, which was subsequently acquired by the brewing company under an assignment from the mortgagee; the mortgage was for the sum of $3,500,

no part of which has ever been paid. Again, on May 24, 1910, plaintiffs gave to the brewing company a second mortgage to secure a further loan in the sum of $2,400. A part of the first mortgage had been paid prior to the foreclosure, leaving a balance then due of the sum of $3,436.75, principal and interest. The second mortgage remains unpaid. Subsequent to the expiration of redemption the brewing company leased the premises to plaintiff John Lindblood, for a stipulated monthly rental. Following the foreclosure the brewing company paid all taxes and assessments levied against the property, and none thereof were paid by the Lindbloods. The company sold the property to defendant Warren Iron Mining Company on December 7, 1917, since which time that company, as owner, has paid the taxes. Its deed was duly recorded. Plaintiffs also leased the property from the new owner, at least the evidence justified the court in so finding. So far as disclosed by the record plaintiffs, since the foreclosure, have not paid or offered to pay any part or portion of the mortgage indebtedness, apparently acting on the theory that their obligations in that respect were thereby terminated.

Thereafter and on September 21, 1921, plaintiffs, claiming the property as owners, brought this action to determine the adverse claims of defendants, thus challenging the validity of the foreclosed mortgage as well as the foreclosure proceedings. Issue was joined by the answers of defendants and upon a trial before the court without a jury the court found that plaintiffs had no title or right to the property, and judgment accordingly was ordered against them. They appealed from an order denying their motion for amended findings or a new trial.

The facts stated and outlined are not in substantial dispute. The execution of the mortgage under the foreclosure of which defendants claim title is not questioned, nor is the fact of foreclosure controverted. The contentions made by plaintiffs are: (1) That the mortgage was procured by fraud; (2) that the foreclosure is invalid and a nullity because no notice thereof was served on plaintiffs as required by law; and (3) that the mortgage is void and unenforceable for the reason that the consideration thereof was illegal, since the purpose thereof was to enable plaintiff John Lindblood to con-

duct a saloon and therein sell intoxicating liquor in forbidden Indian territory, contrary to the laws and treaties of the United States applying to such territory.

1. There was no direct finding by the trial court upon the question whether the mortgage was procured by fraud or fraudulent representations. But the question whether the evidence sustains plaintiffs' contentions upon that issue is presented by the denial of their motion for an affirmative finding of fraud. Our examination of the record leads to the conclusion that the evidence fails to sustain the allegations of fraud, and the court therefore was right in refusing the requested finding.

The mortgage included the lots in suit together with certain lands in the state of Michigan. Mrs. Lindblood testified that she did not understand that the lots were included, yet the trial court was justified in finding that she made no inquiry on the subject, relying wholly upon her husband as to the contents and purpose of the mortgage, and the record discloses no representation to her from any one acting in the transaction for the mortgagee. She apparently had confidence in her husband, and did not seek independent information. Dobbin v. Cordiner, 41 Minn. 165, 42 N. W. 870, 4 L. R. A. 336, 16 Am. St. 683. That the husband tendered the lots as security and knew that they were included in the mortgage is quite clear. And later plaintiffs were brought face to face with the fact by the foreclosure, and permitted matters to remain from 1914 to the commencement of this action, over 6 years, unchallenged by any legal proceeding; and, in full recognition of the mortgage and the foreclosure, leased the property for future use and occupancy. Such passive as well as active conduct and acquiescence has strong evidentiary force against the good faith of their present attitude in the matter. Minneapolis, St. P. & S. S. M. Ry. Co. v. Chisholm, 55 Minn. 374, 57 N. W. 63. But we pass the question; discussion of the evidence could serve no useful purpose. We have attentively considered the whole thereof, and reach the conclusion that the refusal of the trial court to find the alleged fraud as to either plaintiff is well supported. That is all we are required to do. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757. And in reaching that con-

clusion we have not overlooked the contention, made specially in the interests of Mrs. Lindblood, that the lots or one of them constituted the family homestead. We apply the rule that, to effect a cancelation of formally executed written contracts on the ground of fraud, the evidence must be clear and convincing; the requirements of which the evidence here presented does not meet. McCall v. Bushnell, 41 Minn. 37, 42 N. W. 545; Summit Mercantile Co. v. Daigle, 146 Minn. 218, 178 N. W. 588; Stitt v. Rat Portage Lumber Co. 96 Minn. 27, 104 N. W. 561.

2. The trial court also refused to find a failure of the service of notice of foreclosure; the basis of plaintiffs' contention that the foreclosure is void. The record justifies and sustains the action of the court on that branch of the case. The record on its face shows a valid and proper service of the notice, supplemented and confirmed by extrinsic evidence presented on the trial. The record proof is not to be lightly set aside, particularly where as here it has so long remained unquestioned. Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Vaule v. Miller, 69 Minn. 440, 72 N. W. 452; Kueffner v. Gottfried, 154 Minn. 70, 191 N. W. 271. The evidence contradictory of the return to sustain a finding of falsity must be clear and free from fair doubt. The evidence here tendered is not clear or at all persuasive, and the action of the trial court in the premises must be sustained.

But if it be conceded that the evidence does not clearly show a personal service on Mrs. Lindblood, the effect thereof is entirely overcome by the fact that service of the notice upon her was unnecessary. Coles v. Yorks, 28 Minn. 464, 10 N. W. 775. She was residing upon the property with her husband in amicable relations, he was the fee owner and debtor, and her rights and interests were those of a wife, with no independent or adverse claim. The situation would be different were she the owner of the mortgaged property and the debtor, or perhaps in the case of strained relations and separation between husband and wife. But, in the absence of a showing of that character, the rule of the Coles case applies. Havel v. Costello, 144 Minn. 441, 175 N. W. 1001.

3. It appears that the property is situated in Hibbing, St. Louis county, and within Indian territory, where at the time of the transaction the sale of intoxicating liquor under the Federal laws and Indian treaties was expressly prohibited and made unlawful. Plaintiff was operating a saloon on the premises, therein selling, under state license, the various grades and kinds of liquors usually found in such places. It is contended by plaintiffs that the transaction out of which the mortgage in suit arose was in furtherance of that occupation in the prohibited Indian territory, and was entered into by the brewing company in consideration of the undertaking and agreement of John Lindblood thereafter to purchase his liquor supplies exclusively from that company, therefore, that the entire transaction, mortgage and all, was illegal and void. The case of Johnstown Land Co. v. Brainerd Brewing Co. 142 Minn. 291, 172 N. W. 211, is cited in support of the point.

It is doubtful whether the facts bring the case within the rule of that decision. There the transaction, a loan of money to a liquor dealer, was in furtherance of the unlawful business, in which all concerned became by the transaction directly interested. In the case at bar Lindblood was indebted to third persons in the aggregate sum of $5,500, and that amount was loaned him by the brewing company to enable him to discharge his obligations to creditors holding such claims. The nature of the claims, the basis and foundation thereof, do not appear. It is doubtful, we say, whether the real transaction was rendered wholly illegal and void by the concurrent understanding that if the loan was made to Lindblood he would thereafter purchase his supply of beer from the mortgagee. The brewing company had a perfectly valid and legal claim for the repayment of the money loaned, which probably was not destroyed or rendered invalid by the supplemental beer agreement. Disbrow v. Creamery Package Mnfg. Co. 110 Minn. 237, 125 N. W. 115; Kipp v. Walsh, 141 Minn. 291, 170 N. W. 222. But aside from that feature of the case, and conceding for present purposes the illegality of the contract, we have a case where the parties are in pari delicto, and without right in law or equity to affirmative relief. The contract by action of the parties, and operation of law, has become by

the foreclosure of the mortgage and failure of redemption an executed transaction, and equity will leave the parties where it finds them. Both are in legal sin and therein they must remain. Butler v. Bohn, 31 Minn. 325, 17 N. W. 862; Leveroos v. Reis, 52 Minn. 259, 53 N. W. 1155; Holland v. Sheehan, 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510, 17 Ann. Cas. 687; 13 C. J. 492, and citations.

This covers the case. The record presents no error and the order appealed from must be and is affirmed.