## P. J. PINGER v. FRANK R. ATKINSON AND ANOTHER.[1]

January 7, 1927.

No. 25,771.

**Foreclosure of second mortgage because of default in first mortgage sustained.**

1. A first mortgage provided that, if there were defaults in payment of interest or insurance and such defaults continued for 60 days, the mortgagee might foreclose. A second mortgage in which the plaintiff was mortgagee provided that, if there should be any default in payments on the first mortgage or in payment of insurance, the mortgagee might declare the whole sum secured by the second mortgage due and foreclose. There were defaults in the first mortgage, but 60 days had not elapsed. It is *held* that the mortgagee in the second mortgage was authorized to declare the whole sum due and foreclose when payments became due upon the first mortgage, though 60 days after default had not elapsed.

[1]Reported in 211 N. W. 681.

**Service of statutory notice of foreclosure on persons in possession.**

2. The property mortgaged was an apartment building. The defendants, husband and wife, owned it as joint tenants when foreclosure was commenced on the second mortgage and occupied an apartment in it as a home. The statute requires service of the notice on the person in possession. Service was made upon the husband, but not upon his wife. It is *held* that within the meaning of the statute the possession was that of the husband and the service of the notice was sufficient.

Mortgages, 41 C. J. p. 838 n. 42; p. 958 n. 36.

Defendants appealed from a judgment of the municipal court of Minneapolis, White, J., granting restitution of certain premises. Affirmed.

*Seth Lundquist*, for appellants.

*Snyder & Gorham*, for respondent.

PER CURIAM.

Unlawful detainer in the municipal court of Minneapolis to recover possession of an apartment occupied by the defendants in an apartment house. The plaintiff bases his title upon the foreclosure of a mortgage covering the apartment building. The court directed a verdict for the plaintiff. The defendants appeal from the judgment of restitution.

On January 10, 1921, the plaintiff Pinger, who owned an apartment building in Minneapolis, mortgaged it for $35,000 to the Investors Syndicate of Minneapolis, payable in monthly instalments of $350 on the tenth day of each month. The mortgage contained a power of sale authorizing foreclosure by advertisement if default was made in the monthly instalments or in insurance premiums and such default continued for 60 days.

On April 1, 1922, one Mayer gave Pinger a mortgage for $30,000 due in 10 years. In this mortgage Mayer covenanted to pay promptly when due interest and principal upon the first mortgage and to keep the property insured. The mortgage contained a power of sale and a provision for foreclosure by advertisement in the event of the

failure to pay when due principal and interest on the first mortgage, with a right in case of default to declare the whole mortgage due, that is, the second mortgage.

By a deed dated and acknowledged on April 7, 1925, but not recorded, Mayer conveyed the property to the defendants, Frank R. Atkinson and Netha Atkinson, husband and wife, as joint tenants, and not as tenants in common, subject to the two mortgages which they agreed to pay.

The second or $30,000 mortgage was foreclosed by Pinger by advertisement. The sale was made on June 3, 1925, at which time Pinger purchased. The time to redeem expired at the end of the year and the unlawful detainer action is predicated upon title acquired by the foreclosure. The plaintiff's title rests upon the validity of that foreclosure.

1. Pinger founds his right to foreclose the second mortgage upon the failure of the mortgagors to pay interest and maintain insurance on the $35,000 first mortgage to the Investors Syndicate. At the time of the foreclosure there was no default in payments due on the second mortgage. There was a default of a few hundred dollars on the first mortgage and perhaps in insurance premiums. That there was a default appears as a matter of law. There was no foreclosable default under the first mortgage, for 60 days had not elapsed after default. But the second mortgage gave the right to foreclose upon default in payments when due under the first mortgage and did not require the lapse of 60 days after default. Pinger was entitled to foreclose the second mortgage when he did. If the foreclosure was regular he acquired title which justified the direction of a verdict in his unlawful detainer suit.

2. The defendants claim that the foreclosure was invalid because notice was not served on those in possession. The defendants, husband and wife, occupied the apartment here involved as their home. The building was owned by them as joint tenants and not as tenants in common. The statute requires notice to be served "upon the person in possession of the mortgaged premises, if the same are actually occupied." G. S. 1923, § 9604. Service of the notice of

foreclosure was made upon Frank R. Atkinson, but not upon Netha Atkinson. Since they had distinct interests their claim is that service must have been made upon both, for both were in possession under separate rights.

No authority is found upon this point. We have held that, when the property is owned by the husband and is occupied by himself and wife as a homestead, service may be made on the husband alone. Coles v. Yorks, 28 Minn. 464, 10 N. W. 775; Lindblood v. Warren Mining Co. 156 Minn. 317, 194 N. W. 778.

The situation is unusual. The defendants owned and occupied as a home an estate in joint tenancy. Upon the death of either, the other became the owner in fee of all, by right of survivorship and not of a homestead interest or of a title in fee by descent or provision of the probate code. Each had an ownership in the property mortgaged different from an ownership as a tenant in common, though that does not seem important here. The joint ownership could be severed and made a tenancy in common, but until then it was a joint estate with its distinctive characteristics. The apartment was occupied as a homestead and we may assume could not be reached by execution against either tenant. The husband as the head of the family had the right to determine the place of the family residence. Within the mortgage statute the possession of the apartment should be considered that of the husband, the service upon him sufficient, and therefore the foreclosure was valid.

A number of irregularities are suggested by counsel for defendants. We have examined them, but find it unnecessary to discuss them. There were a number of blunders in the execution of the second mortgage in the matter of dates and acknowledgment, but they do not affect the validity of the foreclosure.

Judgment affirmed.

DIBELL, J. (dissenting.)
I dissent from the conclusion reached.