EVANGELINE HOFFERT McCORMICK v. JAMES R. HOFFERT.[1]

June 24, 1932.

No. 28,954.

[1]Reported in 243 N. W. 392.

*Edmund T. Montgomery,* for appellant.
*W. T. Coe,* for respondent.

OLSEN, J.

Plaintiff appeals from the judgment. The case was tried before the court without a jury. A motion for amended findings of fact and conclusions of law was made and denied. There was no motion for a new trial.

Plaintiff and defendant were husband and wife. On December 31, 1925, a judgment was entered in a pending divorce suit between the parties granting plaintiff an absolute divorce from defendant. The parties had one child then about two years old. Pending the divorce action negotiations were had between the parties for the purpose of agreeing upon the alimony, custody and support of the child, and to settle their property rights. Under date of October 16, 1925, for the purposes stated, a stipulation and agreement in writing was entered into. Plaintiff held title in her name to a dwelling house and lot known as 2636 Harriet avenue in the city of Minneapolis. Defendant had contributed a substantial amount to the purchase thereof. Plaintiff also operated a beauty parlor in said city in which defendant claimed some interest.

The stipulation, after providing for the custody of the child and its support, provided that the parties "shall share equally the property located at 2636 Harriet Avenue, Minneapolis, Minnesota" and "shall share equally the furniture and furnishings now contained in said house." It further provided that "defendant will claim no interest of any kind in that certain beauty parlor located at 2955 Bloomington Avenue and this defendant assigns all his interest and equity in said business to plaintiff herein. Except, as hereinbefore provided, the plaintiff herein waives all claim for alimony, temporary and permanent, and all claim or claims against any of the property of defendant, present or future, of every kind and nature which he has or may have. If agreeable to the court, this stipula-

tion * * * may be made a part of the court's findings and order for judgment herein."

The defendant did not appear or take part in the trial of the divorce suit, which was heard before the court on December 17, 1925. The stipulation above set forth was not called to the attention of the court in the divorce suit.

The present action is brought to cancel a written agreement entered into between the parties bearing date December 29, 1925, and recorded in the office of the register of deeds of Hennepin county on January 8, 1926, and to cancel such record thereof on the ground that it is invalid and a cloud upon plaintiff's title to the Harriet avenue property.

That agreement provides in substance that defendant shall have a room in the dwelling house on the Harriet avenue property and the use of the garage thereon for his car free of charge until the property is sold; that plaintiff may sell the property at any time, but not for less than $6,000 unless defendant consents to a sale for a less price; that when the property is sold the plaintiff shall pay to the defendant one-half of the amount for which it is sold after deducting encumbrances then upon the property and expenses of sale. The property is subject to a mortgage for $2,500.

The complaint in the action seeks to have the agreement set aside on the grounds that it was obtained from plaintiff by duress, threats, and undue influence and that it was without consideration. The complaint alleges that the agreement was entered into on December 29, 1925, which was two days before the entry of the decision and judgment in the divorce suit. The answer admits the execution of the agreement and denies duress, threats, undue influence, and want of consideration. The findings of the court are in substance that, when the decree of divorce was entered (December 31, 1925) plaintiff was the owner of the Harriet avenue property; that the agreement in question was duly executed "on or about" December 29, 1925; that plaintiff's claims that she signed the agreement under duress and undue influence and because of threats are not true. The court made no express finding on the

question of consideration. Based on these findings, the court concluded that plaintiff was not entitled to the relief asked.

The findings of fact suggest questions not raised by the pleadings or by the appeal here. We do not undertake to consider them or to depart from the theory on which the case was tried. The two grounds claimed by plaintiff for setting aside the written agreement were that it was obtained by duress, threats, and undue influence and that it was without consideration.

■ The court's finding that plaintiff's claims that the agreement in question was obtained by duress, threats, and undue influence are not true is fairly sustained by the evidence.

■ The evidence also fairly shows a sufficient consideration for the agreement. It discloses that at the commencement of and during the pendency of the divorce action the parties resided in the dwelling house on the premises. It was their homestead. Defendant had contributed a substantial amount to the purchase thereof. As disclosed by the stipulation of October 16, 1925, there was a settlement of other claims between them. The agreement states that it is made in consideration of "one Dollar and other valuable consideration." While there is evidence that the one dollar was not paid, there was other valuable consideration for the agreement.

■ As already noted, the court did not expressly find that the agreement was made for a valuable consideration. The court did find that the agreement was duly executed, and the agreement recites a valuable consideration. Then plaintiff moved for an amended finding, to have the court find that the agreement was executed without consideration to plaintiff. The court denied the motion. In that situation there was a sufficient finding of consideration. The trial court has passed upon and determined adversely to the plaintiff the question of want of consideration.

■ Other questions have been argued. As already noted, the complaint states only two grounds for cancelation of the agreement: First, that it was obtained by duress, threats, and undue influence; second, that it was without consideration. Both these issues have been determined in defendant's favor by the trial court.

384

Again, when plaintiff moved for amended findings of fact, the only material changes asked were that the court should find:

"5. That plaintiff signed and executed said instrument under duress and undue influence of defendant and because of threats which he made to her to do her bodily harm.

"6. That said agreement was executed by plaintiff without consideration and that said agreement is not supported by valid consideration."

No other issues, as far as appears, have been presented to or passed upon by the trial court. There being no jurisdictional question involved, we should not go beyond the issues so presented to the trial court.

Whether the agreement was properly acknowledged and witnessed is immaterial.

Judgment affirmed.

