# PETER McHARDY AND ANOTHER v. STATE AND OTHERS. LOLA L. ANDERSON, APPELLANT.[1]

April 30, 1943.

No. 33,371.

[1]Reported in 9 N. W. (2d) 427.

*Clarence H. Kleffman,* for appellant.

*M. J. Mulvahill* and *McCabe, Gruber & Clure,* for respondents.

THOMAS GALLAGHER, JUSTICE.

This is an action by Peter McHardy and John Erickson to quiet title to lot five and the north 12½ feet of lot six, block six, Koskiville Addition to Hibbing in St. Louis county, upon which is situated a 1½-story frame dwelling house. The property variously is estimated to be worth between $4,000 and $6,000. Erickson is alleged to be the fee owner thereof, and McHardy the holder of a first and second mortgage thereon, aggregating in excess of $3,200.

Defendant Lola L. Anderson, the appellant herein, answered claiming title to said premises under an alleged tax purchase contract from the state whereby she purchased said premises for the sum of $1,000 and upon which contract she had paid a total of $201.70 at the time of the commencement of this action. Said purchase was made pursuant to Minn. St. 1941, § 280.13 (Mason St. 1940 Supp. § 2139).

Plaintiffs contend that the proceedings under which the state claimed tax title were defective in several respects, and hence that no title passed to appellant under such tax purchase contract with the state. At the commencement of the action McHardy paid in to the clerk of the district court for the state the sum of $518.18 to cover delinquent taxes, special assessments, and interest and penalties thereon, against said premises.

At the close of the testimony the court made findings of fact and conclusions of law to the effect that the tax title proceedings were defective, and that Erickson and McHardy were respectively the fee owner and mortgagee of said premises. The court retained jurisdiction of the cause of action for the purpose of determining the amount due appellant for taxes, special assessments, interest, penalties, and costs advanced, for improvements made on said

premises, and for payments made on the purchase price; and for the purpose of determining the net rental income received therefrom and to adjudge and impose proper liens thereon for any balance due appellant, as provided in *Id.* § 284.25 (§ 2190-19).

The taxes involved are for the year 1930, judgment for which was entered in the district court of St. Louis county on March 24, 1932. The premises were sold thereunder to the state on May 9, 1932. Thereafter forfeiture proceedings against the property were commenced by the auditor of St. Louis county pursuant to *Id.* §§ 281.22, 281.23 (§§ 2164-11, 2164-12).

Pursuant to these provisions, notice of expiration of redemption dated November 21, 1935, was posted in the office of the county auditor on that date. Subsequently, notice of expiration of redemption, dated July 18, 1936, was published for three weeks in the *Duluth News Tribune* on July 22 and 29 and on August 5, 1936.

On September 11, 1936, the premises were occupied by Alex Dedier and Cecilia Dedier, his wife, as lessees. On that date the sheriff of St. Louis county served on Alex Dedier but not on his wife a notice of expiration of redemption, purporting to be a copy of the July 18, 1936, published notice as required by the aforesaid sections, but which was actually incorrectly dated August 18, 1936. His return of service was filed March 9, 1937. No notice of expiration of redemption was served on plaintiffs, such service not being required by the aforesaid statutes. McHardy had no actual notice of the forfeiture proceedings, and, had he been aware thereof, it is his contention that he would have redeemed therefrom.

No redemption was made in the proceedings, and thereafter, on August 16, 1939, the state attempted to sell the premises to appellant pursuant to *Id.* §§ 280.12, 280.13 (§§ 2138, 2139).

Appellant thereafter retained possession of the premises and the rentals arising therefrom and made improvements thereon.

It is plaintiffs' contention that the tax title proceedings were defective in the following particulars: (1) The proof of publication of the 1930 delinquent tax list in 1932 was defective in that

the affidavit of publication thereon filed in the office of the clerk of the district court referred to an "attached list" cut from the columns of the *Hibbing Daily Tribune,* whereas actually the complete copy of the newspaper was separately filed and no list was attached to said affidavit; (2) the notice of expiration of redemption served was not a true copy of the published notice dated July 18, 1936, the notice served being dated August 18, 1936; (3) the notice of expiration of redemption did not set forth the name of the assessed owner of a portion of said premises as provided in § 281.23 (§ 2164-12); (4) no notice of any kind was served upon Cecilia Dedier, one of the occupants of the premises; and (5) no notice was mailed to McHardy, as mortgagee.

The trial court in its findings determined as facts that the published notice of expiration to redeem bore date July 18, 1936, and that no true copy of that notice was ever served upon either of the actual occupants of the premises; that the notice actually served was incorrectly dated August 18, 1936, and, as to such notice, that no service was ever made on Cecilia Dedier, who was an actual occupant in possession of said premises at the time of service. The memorandum and findings of the trial court indicated that, while other defects may have existed in the tax proceedings, its decision was based on the failure to make service on Cecilia Dedier and the incorrect dating of the notice served upon Alex Dedier.

From an order denying the alternative motion of defendant Lola L. Anderson to amend the findings and vacate the order for judgment or for a new trial, this appeal is taken.

■ In construing similar tax forfeiture statutes, we have decided on many occasions that the statutory requirements with reference to the service of the notice of expiration of redemption are of great importance and that strict compliance therewith is vital. The reason for this rule is obvious, for it is the service upon the occupants that is most likely to bring to the owners notice that tax forfeiture proceedings are taking place. The statute relating to service here involved, namely, § 281.23, subd. 5 (§ 2164-12),

specifies that the sheriff make investigation to ascertain which parcels are actually occupied, and definitely requires him to serve copies of the notice upon the persons found to be in possession of each parcel. The wording and detail of this statute indicate the importance the legislature placed upon the proper execution of its provisions, and, we hold, impose upon the courts the duty of requiring the same strict compliance therewith as was required under similar statutes formerly in effect. Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610; Eide v. Clarke, 57 Minn. 397, 59 N. W. 484; Wallace v. Sache, 106 Minn. 123, 118 N. W. 360; Pomroy v. Beattie, 139 Minn. 127, 165 N. W. 960; Hutchinson v. Child, 164 Minn. 195, 204 N. W. 648; Absetz v. McClellan, 207 Minn. 202, 290 N. W. 298.

Under the foregoing decisions, it is vital that all persons in possession be served with proper notice. By persons in possession, we do not mean necessarily that all who chance to live on the premises are to be regarded as persons in possession. Rather, we follow our prior rulings that such possession must be substantial and suited to the appropriate use of the property. It must be independent and of equal dignity with others in possession and not of a trivial nature. Absetz v. McClellan, *supra.*

A consideration of these factors indicates that the question is primarily one of fact. In the instant case the court determined as a fact that both Alex and Cecilia Dedier were occupants of the premises and that service upon both was required. The findings and the conclusions which follow carry with them the implication that the possession or occupancy of Cecilia Dedier was of equal dignity and substance with that of her husband, Alex Dedier.

Examination of the record indicates that there is evidence to sustain the trial court's findings in this respect. The evidence as to the nature of the tenancy of the Dediers is slight and indefinite, but it does support a finding that the occupancy and possession of Cecilia Dedier was of the same importance as that of her husband. The only reference to them indicates that at the time of service both were in possession of the property as tenants. It does not

appear which of them entered into the lease or paid the rent. Under such circumstances, the trial court could not properly have found that the possession of Alex Dedier was of greater substance than that of his wife.

From this it does not follow that in all cases where a husband and wife occupy property together separate service must be made on each. No doubt there are situations where a wife may not have an interest in premises of .equal substance and dignity with that of her husband, while in other cases, under her separate property rights, she may have an interest of far greater substance and importance than that of her husband. In such latter cases service upon the husband without service upon the wife might substantially prejudice her interest in her separate property. No general rule can be laid down in this respect. Each case must be determined by the triers of fact upon the evidence presented relative to the nature and substance of the occupancy of both the husband and wife. In the instant case, since there is evidence sufficient to sustain the findings of the trial court, and, under rules governing us on fact questions, we must affirm the trial court on this point. Hutchinson v. Child, 164 Minn. 195, 204 N. W. 648.

■ Appellant has cited numerous cases involving the service of notice in mortgage foreclosure proceedings. Such cases indicate that failure to make service upon the wife where the husband has been served does not render mortgage foreclosure proceedings defective. It would seem that statutes relative to tax title proceedings which result in the owner's forfeiture of his property should require a stricter construction than those relating to mortgage foreclosure proceedings, which involve merely a creditor's proceeding to recover a debt due him. A reference to the mortgage cases cited by appellant indicates that in all of them except Pinger v. Atkinson, 169 Minn. 474, 211 N. W. 681, the husband's interest in the real estate was definitely established to be that of fee owner and of greater dignity and substance than that of his wife. Coles v. Yorks, 28 Minn. 464, 10 N. W. 775; Lindblood v. Warren Mining Co. 156 Minn. 317, 194 N. W. 778.

In Pinger v. Atkinson, 169 Minn. 474, 211 N. W. 681, the husband and wife owned the premises as joint tenants, and the husband only was served in the foreclosure proceedings. In holding such service sufficient, this court, Justice Dibell dissenting, limited its decision strictly to the mortgage foreclosure statute involved.

The same question in tax forfeiture proceedings under said § 281.23 (§ 2164-12) has not been presented to this court before. Since, no doubt, it will arise from time to time in the future, it is our opinion that the soundest rule to follow in each case presented is that hereinbefore expressed, namely, that the questions as to the fact of occupancy and whether the nature and character thereof are of such substance and dignity as to require service are to be determined by the triers of fact on the evidence there presented.

■ Appellant contends that under *Id.* § 284.22 (§ 2190-16) the defects in the service found by the trial court were not such as would justify the court in holding the title acquired by the state under these proceedings invalid. That section specifically provides as follows:

"284.22. The title of the state to land forfeited for delinquent taxes shall not be held invalid in any action or proceeding by reason of any failure, omission, error, or defect in the proceedings respecting the taxation of such land or the forfeiture thereof unless the court shall determine that such failure, omission, error, or defect was fatal to the jurisdiction of the authorities in the proceedings, or that the rights of the owner or other party in interest were substantially prejudiced. All provisions of law in that behalf shall be construed liberally in favor of the state and its officers and agents. The burden of proving that the title of the state, or its successor in interest, is invalid in any such case shall rest upon the party so asserting."

The trial court's finding specified as follows:

"11. That thereafter and on or about the 11th day of September, 1936, the Sheriff of St. Louis County, Minnesota, attempted

to serve the published Notice of Expiration of Redemption upon the occupants of the real estate described in Paragraph One hereof, but that the copy of said Notice served was not a copy of the Notice dated July 18, 1936, but was a copy of the Notice dated August 18, 1936, and that said copy of said Notice was on September 11, 1936, served upon Alex Dedier, one of the occupants of said premises at his house of usual abode by handing to and leaving with Cecilia Dedier, a person of suitable age and discretion then resident therein, a purported copy of the published Notice of Expiration of Redemption bearing date August 18, 1936, and that no copy of any published Notice of Expiration of Redemption was at any time served on Cecilia Dedier, who was on that date an actual occupant of the land described in Paragraph One hereof, and who was an occupant thereof from June 26, 1935, to and including October 16, 1936, and that an exact copy of the published Notice of Expiration of Redemption was never served on either one of the said actual occupants, and that the only service ever made on any of the occupants of said premises was the service described herein on Alex Dedier, one of the occupants.

"12. That the County Auditor of St. Louis County, Minnesota, on July 20, 1939, filed in the office of the Register of Deeds in and for St. Louis County, Minnesota, Auditor's Certificate of Forfeiture as to lands forfeited for taxes delinquent for the year 1930, and that the said Certificate is null and void and of no force and effect as to the land described in Paragraph One hereof.

"13. That the defendant State of Minnesota, at a tax sale of so-called forfeited lands held in the County Court House in the City of Duluth, Minnesota, on the 16th day of August, 1939, attempted to sell the land described in Paragraph One hereof to the defendant Lola L. Anderson, as purchaser, upon an agreed price of One Thousand and no/100 ($1,000.00) Dollars, and that on said date the said defendant Lola L. Anderson paid One Hundred and no/100 ($100.00) Dollars to the County Treasurer of St. Louis County, Minnesota, as ten per cent of the purchase price of said land, and that on the 15th day of October, 1940, the said defendant, Lola L.

Anderson, paid an additional installment of ten per cent of the purchase price of said land plus the sum of One and 70/100 ($1.70) Dollars interest upon the amount unpaid, but that the total amount paid since the date of the trial of this action has not yet been determined. That said contract of purchase and agreement for sale of said land by the defendant State of Minnesota to the defendant Lola L. Anderson is null and void and of no force and effect."

These findings are followed by conclusions of law holding that plaintiff John Erickson is the fee owner of the premises and that plaintiff Peter McHardy is the mortgagee thereof. The only reasonable inference that can be drawn from such findings and conclusions is that the failure to make service on all the occupants was fatal to the jurisdiction of the authorities and that the rights of both the owner and mortgagee were prejudiced thereby. Since this is true, we do not feel that such findings and conclusions were insufficient under the aforesaid statutory provision. See McCormick v. Hoffert, 186 Minn. 380, 383, 243 N. W. 392-393; Aiken v. Timm, 147 Minn. 317-320, 180 N. W. 234.

4. The determination of the appeal here on the above questions makes it unnecessary for us to decide the effect of other alleged defects in the tax proceedings.

Order affirmed and case remanded for further proceedings in accordance with trial court's findings of fact, conclusions of law, and order for judgment.

Affirmed.