PETER McHARDY v. STATE AND OTHERS.
EVA K. LIND, APPELLANT.[1]

April 30, 1943.

No. 33,372.

*Clarence H. Kleffman,* for appellant.
*M. J. Mulvahill* and *McCabe, Gruber & Clure,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an action by Peter McHardy to quiet title to that part of block five, Sargent's Addition to Hibbing, lying north of a line parallel to and 36.93 feet distant from the north line of said block, in St. Louis county, Minnesota, upon which is situated a one-story frame house. McHardy is alleged to be the fee owner thereof.

[1]Reported in 9 N. W. (2d) 432.

Defendant Eva K. Lind, the appellant herein, answered claiming title to said premises under an alleged tax purchase contract from the state whereby she purchased said premises for the sum of $287. Said purchase was made pursuant to Minn. St. 1941, § 280.13 (Mason St. 1940 Supp. § 2139).

Plaintiff contends that the proceedings under which the state claimed tax title were defective in several respects, and hence that no title passed to appellant under such tax purchase contract with the state. At the commencement of the action plaintiff paid in to the clerk of the district court for the state the sum of $413.35 to cover delinquent taxes, special assessments, and interest and penalties thereon, against said premises prior to March 8, 1938, the date on which appellant claims the land was forfeited to the state, and interest up to the date of the filing of the complaint herein.

At the close of the testimony the court made findings of fact and conclusions of law to the effect that the tax title proceedings were defective and that plaintiff was the fee owner of said premises. The court retained jurisdiction of the cause of action for the purpose of determining the amount due appellant for taxes, special assessments, interest, penalties and costs advanced, for improvements made on said premises, and for payments made on the purchase price; and for the purpose of determining the net rental income received therefrom, and to adjudge and impose proper liens thereon for any balance due appellant, as provided in *Id.* § 284.25 (§ 2190-19).

The taxes involved are for the year 1930, judgment for which was entered in the district court of St. Louis county on March 24, 1932. The premises were sold thereunder to the state on May 9, 1932. Thereafter forfeiture proceedings against said real estate were commenced by the auditor of St. Louis county under *Id.* §§ 281.22, 281.23 (§§ 2164-11, 2164-12).

Pursuant to these sections, notice of expiration of redemption dated November 21, 1935, was posted in the office of the county auditor on that date. The premises were described in said notice as being assessed to Charles A. Bardessona in the last official as-

sessment book, and said assessment book, although it is undisputed for the year 1934 and subsequent years, indicated that the premises were officially assessed in the name of plaintiff. Subsequently, notice of expiration of redemption dated July 18, 1936, was published for three weeks in the *Duluth News Tribune* on July 22 and 29 and on August 5, 1936.

On September 9, 1936, the premises were occupied by Joseph Ghilardi and Lydia Ghilardi, his wife, as lessees. On that date the sheriff of St. Louis county served on Joseph Ghilardi but not on his wife a notice of expiration of redemption, purporting to be a copy of the July 18, 1936, published notice as required by the aforesaid sections, but which was actually incorrectly dated August 18, 1936. His return of service was filed March 9, 1937.

No notice of expiration of redemption was served on plaintiff, such service not being required by the aforesaid statutes, and he had no actual notice of the forfeiture proceedings.

No redemption was made in the proceedings, and thereafter on August 16, 1939, the state attempted to sell the premises to appellant as above indicated. On December 7, 1939, the state delivered to her an instrument in writing wherein it attempted to convey said premises to her. Said instrument was filed in the office of the registrar of titles for St. Louis county, Minnesota, on December 19, 1939, as document No. 148694, and a memorial was duly entered on certificate of title No. 69431, filed in volume 221 of the register of titles on page 231.

It is plaintiff's contention that the tax title proceedings were defective in the following particulars: (1) The proof of publication of the 1930 delinquent tax list in 1932 was defective in that the affidavit of publication thereon filed in the office of the clerk of the district court referred to an "attached list" cut from the columns of the *Hibbing Daily Tribune*, whereas actually the complete copy of the newspaper was separately filed and no list was attached to said affidavit; (2) the notice of expiration of redemption served was not a true copy of the published notice dated July 18, 1936, the notice served being dated August 18, 1936;

(3) the notice of expiration of redemption did not set forth the true name of the assessed owner of the premises as provided in § 281.23 (§ 2164-12); and (4) no copy of said notice was served upon Lydia Ghilardi, one of the occupants of the premises.

The trial court in its findings determined as facts that the posted notice was incorrect in that it carried the name of Charles A. Bardessona as the owner of the property rather than plaintiff, whose name appeared in the last official assessment book. Bardessona had been the assessed owner at the time of the tax judgment, but had been succeeded by plaintiff.

Said findings further established that the published notice of expiration to redeem bore date July 18, 1936, and that no true copy thereof was ever served upon any of the occupants of the premises; that the notice actually served was incorrectly dated August 18, 1936, and, as to such notice, that no service was ever made on Lydia Ghilardi, who was an actual occupant in possession of the premises at the time of service. The memorandum and findings of the trial court indicated that, while other defects may have existed in the tax proceedings, its decision was based on the failure to include the name of plaintiff in the posted notice as the assessed owner; the failure to make service upon Lydia Ghilardi; and the incorrect dating of the notice served upon Joseph Ghilardi.

From an order denying the alternative motion of defendant Eva K. Lind to amend the findings and conclusions and vacate the order for judgment or for a new trial, this appeal is taken.

■ For the reasons set forth in McHardy v. State, 215 Minn. 132, 9 N. W. (2d) 427, we must affirm the findings and conclusions of the trial court. While the record indicates clearly that both Joseph Ghilardi and his wife were in possession of the premises at the time of service of the notice, it is indefinite as to the nature of their occupancy and possession; but there is sufficient evidence to find that the occupancy and possession of Lydia was of equal substance and dignity with that of her husband, Joseph Ghilardi, as the trial court found. Upon the authorities indicated and for the

reasons specified in that case, the findings and conclusions of the trial court upon this point are sustained.

■ In addition, it is our opinion that the failure of the posted notice of expiration of redemption to include the name of plaintiff as the assessed owner in accordance with the official assessment books rendered the proceedings fatally defective. The form of notice now provided for by statute is a blanket form, so that any number of descriptions may be included therein. It requires that opposite each legal description there be inserted as owner the name of the person to whom the same is assessed. The reason for this · is obvious. Here, again, the owner may from this source gain notice that tax forfeiture proceedings are taking place with respect to his property. Appellant contends that the name of the person to whom the land was assessed at the time of the tax judgment is all that is required. With this we do not agree, for if such person has no longer an interest in the premises, as is the case here, obviously no purpose would be gained by inserting his name in the notice.

In construing similar statutes under former tax forfeiture laws which required the notice to be addressed to the assessed owner, this court has repeatedly held that strict compliance with such provisions is vital. The fact that under the present law one or more descriptions may be included in such posted notice and that the name of the assessed owner is to be set forth in the body of the notice does not, in our opinion, change the rule in this respect. See Eide v. Clarke, 57 Minn. 397, 59 N. W. 484; Western Land Assn. v. McComber, 41 Minn. 20, 42 N. W. 543; Lohn v. Luck Land Co. 129 Minn. 367, 152 N. W. 764.

Upon the foregoing authorities, we must affirm the findings and conclusions of the trial court that the tax forfeiture proceedings here were fatally defective in the matters above indicated.

For the reasons specified in McHardy v. State, 215 Minn. 132, 9 N. W. (2d) 427 (Case No. 33,371 above referred to), we hold that the findings of fact and conclusions of law in the instant case are sufficient under *Id.* § 284.22 (§ 2190-16).

Order affirmed and case remanded for further proceedings in accordance with trial court's findings of fact, conclusions of law, and order for judgment.

Affirmed.

## PETER McHARDY v. STATE AND OTHERS.
### EVA K. LIND, APPELLANT.[1]

April 30, 1943.

No. 33,373.

*Clarence H. Kleffman,* for appellant.

*M. J. Mulvahill* and *McCabe, Gruber & Clure,* for respondent.

[1]Reported in 9 N. W. (2d) 435.