PETER McHARDY v. STATE AND OTHERS.
EVA K. LIND, APPELLANT.[1]

April 30, 1943.

No. 33,373.

*Clarence H. Kleffman,* for appellant.
*M. J. Mulvahill* and *McCabe, Gruber & Clure,* for respondent.

[1]Reported in 9 N. W. (2d) 435.

THOMAS GALLAGHER, JUSTICE.

This is an action by Peter McHardy to quiet title to all of lot five, block 13, Rearrangement of part of Park Addition to Hibbing, upon which is situated a two-story structure with a lean-to built along the north side of the building. The lower story is divided into two separate store or mercantile establishments. Each portion of the lower floor customarily is separately occupied. The second story is used as a rooming house. McHardy is alleged to be the fee owner of the property.

Defendant Eva K. Lind, the appellant herein, answered claiming title to the premises under an alleged tax purchase contract from the state whereby she purchased the premises for the sum of $1,200. The purchase was made pursuant to Minn. St. 1941, § 280.13 (Mason St. 1940 Supp. § 2139).

Plaintiff contends that the proceedings under which the state claimed tax title were defective in several respects, and hence that no title passed to appellant under such tax purchase contract with the state. At the commencement of the action plaintiff paid in to the clerk of the district court for the state the sum of $1,800.49 to cover delinquent taxes, special assessments, and interest and penalties thereon, against said premises prior to August 7, 1937, the date on which appellant claims the land was forfeited to the state, and interest up to the date of the filing of the complaint herein.

At the close of the testimony the court made findings of fact and conclusions of law to the effect that the tax title proceedings were defective and that plaintiff was the fee owner of said premises.

The taxes involved are for the year 1930, judgment for which was entered in the district court of St. Louis county on March 24, 1932. The premises were sold thereunder to the state on May 9, 1932. Thereafter forfeiture proceedings against said real estate were commenced by the auditor of St. Louis county under *Id.* §§ 281.22, 281.23 (§§ 2164-11, 2164-12).

Pursuant to these sections, notice of expiration of redemption dated November 21, 1935, was posted in the office of the county

auditor on that date. The premises were described in said notice as being assessed to F. J. LeNoie in the last official assessment book, although it is undisputed that said assessment book for the year 1934 and subsequent years indicated that the premises were officially assessed in the name of plaintiff. Subsequently notice of expiration of redemption dated July 18, 1936, was published for three weeks in the *Duluth News Tribune* on July 22 and 29 and on August 5, 1936.

On September 9, 1936, the premises were occupied by Desmond W. Currie, Gust Mueller, Fena Fruit Company, and Myrtle Hiltz. Currie occupied the lean-to on the northerly portion of the property and operated a live chicken store therein. The Fena company occupied a portion of the premises for general garage purposes for storage and repair of their automobile trucks. On that date the sheriff of St. Louis county served on the occupants of the premises, with the exception of Desmond W. Currie and the Fena Fruit Company, notice of expiration of redemption, purporting to be a copy of the July 18, 1936, published notice as required by the aforesaid provisions, but which was actually incorrectly dated August 18, 1936.

No notice of expiration of redemption was served on plaintiff, such service not being required by the aforesaid statutes, and he had no actual notice of the forfeiture proceedings.

No redemption was made in the proceedings, and thereafter on August 16, 1939, the state attempted to sell the premises to appellant as above indicated. On December 7, 1939, the state delivered to her an instrument in writing wherein it attempted to convey said premises to her. Said instrument was filed in the office of the register of deeds for St. Louis county in book 693 of deeds on page 278.

It is plaintiff's contention that the tax title proceedings were defective in the following particulars: (1) The proof of publication of the 1930 delinquent tax list in 1932 was defective in that the affidavit of publication thereon filed in the office of the clerk of the district court referred to an "attached list" cut from the

columns of the *Hibbing Daily Tribune,* whereas actually the complete copy of the newspaper was separately filed and no list was attached to said affidavit; (2) the notice of expiration of redemption served was not a true copy of the published notice dated July 18, 1936, the notice served being dated August 18, 1936; (3) the notice of expiration of redemption did not set forth the name of the assessed owner of the premises as provided in § 281.23 (§ 2164-12); and (4) no copy of said notice was served upon Desmond W. Currie or the Fena Fruit Company, the other occupants of the premises.

The trial court in its findings determined as a fact that no service was ever made on Desmond W. Currie or the Fena Fruit Company, who were actual occupants in possession of said premises at the time of service, and that such omission rendered said notice ineffectual and of no force and effect as to plaintiff. The memorandum and findings of the trial court indicated that, while other defects may have existed in the proceedings, its decision was based on the failure to make service on Desmond W. Currie and the Fena Fruit Company, and the incorrect dating of the notice served upon the other occupants.

From the judgment entered pursuant to the findings and conclusions, the defendant Eva K. Lind appealed.

For the reasons and upon the authorities cited in McHardy v. State, 215 Minn. 132, 9 N. W. (2d) 427, and *Id.* 215 Minn. 141, 9 N. W. (2d) 432, we must sustain the findings and conclusions of the trial court. The failure to make service upon the occupants of the premises as indicated above and to insert the name of the assessed owner of the premises in the posted notice of expiration of redemption rendered the proceedings fatally defective.

Judgment affirmed and case remanded for proceedings in accordance with trial court's findings of fact, conclusions of law, and order for judgment.

Affirmed.