Nelson, District Judge.
This suit was commenced December 30, 1890, and is brought to redeem a tract of land mortgaged in April, 1878, by the complainant and her husband, to the defendant H. G. Sidle. It is set up as a defense that the mortgage was foreclosed under the power of sale therein by advertisement in 1880, and the time for redemption has long since expired; that the complainant abandoned the property ever since the foreclosure of the mortgage, and never claimed the possession or occupation of the same until it had largely increased in value.
FACTS FOUND.
The facts in this case are:
On April 1, 1878, H. G. Sidle owned the land, about 9 acres, involved in this controversy, and on that day he and his wife conveyed the same to the complainant for the consideration of $880, and at the same time the complainant and husband gave their two certain joint and several promissory notes to the said H. G. Sidle for the purchase price,—one for $440, and interest thereon at 10 per cent, per annum until paid, maturing six months after date thereof; and the other for the sum of $440, and interest thereon at the rate of 10 per cent, per annum until paid, maturing one year after the date thereof. These notes were payable at the First National Bank of Minneapolis, and were secured by a mortgage upon the property, executed by the complainant and her husband, and duly recorded. Default was made in payment of the principal and interest by the complainant and her husband, and no taxes were paid upon the property by them, and pursuant to the statute, under the power of sale, the proceedings to foreclose the mortgage were taken as they appear in the defendants’ Exhibit No. 6, and a record thereof was duly made. The foreclosure proceeding was commenced September 4,1880. No notice of the proceeding was served on the complainant or any person. The property mortgaged waf sold October 23, 1880, for the sum of $1,170, the amount due *617 on the mortgage, and interest, and the costs and expenses of the foreclosure. 'The mortgagee, H. G. Sidle,was the purchaser at the sheriff’s sale; and one year after the sale expired October 23,1881, and no payment of any sum has ever been made. On January 5, 1882, H. G. Sidle and wife, claiming ownership, entered into a contract with Daniel B. Tompkins, and another contract with Clarence H. Tompkins, wherein they agreed to sell and convey the property to them for the consideration of $2,085. The Tompkins agreed to sell the property to John T. Williamson, and, having discharged of record their contracts with Sidle, the latter and his wife, at their request, executed a contract whereby the property was agreed to be conveyed to Williamson for the consideration of $2,085. Williamson shortly afterwards died, and his estate was distributed by a decree of the probate court of Hennepin county, and on August 1, 1887, pursuant to such decree, H. G. Sidle and wife conveyed the property to Jesse E. Williamson and John Thayer Williamson, in the proportions in which they were entitled to the same, for the consideration named, of $2,085.
At the time of the conveyance to Mrs. Moulton, April 1, 1878, she entered upon the land and planted trees for a nursery, and at the time the foreclosure proceedings were instituted there were about 50,000 small fruit trees growing, covering about one quarter of the land. The nine acres were fenced, but there was no dwelling house on the land. Across the street, on a cultivated tract of 20 acres owned by the complainant, there was a dwelling used as - a boarding house for laborers, and some of these men once or twice a month would work on this 9-acre tract, and during September, 1880, were working on the land several days; what particular days do not appear. On July 8, 1881, the complainant abandoned her residence in Minneapolis, and went to Denver, Colo., where she lived until 1887, and then went to Chicago, living in that city 22 months, when she went to live in Nashville, Miss., where she now resides, and is a citizen thereof. The complainant and her husband, after their removal to Colorado, and up to the time of the commencement of this suit, visited Minneapolis, but paid no attention to the property, and paid no portion of the amount due thereon, principal or interest, nor any taxes, or claimed any interest in the land. At the time of the sheriff’s sale, in 1880, the property was worth not to exceed $880, and had increased so that at the time of the hearing it was worth $12,000 or 15,000.
CONCLUSIONS.
It is claimed that the foreclosure proceeding is void for the reason that no notice under the statute was served upon Mrs. Moulton, the mortgagor and owner of the premises in 1880. Gen. St. Minn. 1878, c. 81, tit. 1, p. 842, § 5, enacts that, when a mortgage is foreclosed by notice and advertisement in a newspaper under the statute, “in all cases, a copy of such notice shall be served, in like manner as summons in civil actions in the district court, [Gen. St. Minn. 1878, p. 715, § 59, sub. 4,] * * * on the person in possession of the mortgaged premises, if the same are actually occupied.” The object of the statute may be, as stated by counsel, to give the owner of the mortgaged premises notice of the steps that are taken to foreclose the mortgage. That may be true, and, if there is a person in pedis possessio, such notice must be served upon him, “not for his benefit solely, but for the owner, as well as others interested in the land.”
The evidence in this case fails to show that the mortgaged premises were actually occupied, within the meaning of the law, so as to entitle *618 the complainant to notice. Acts of ownership, without actual occupancy, are not sufficient to put in operation the statutory provision in regard to notice. The bill is dismissed, with costs, and a decree accordingly will be entered. '