EMMA L. WALLACE v. WILLIAM R. SACHE.[1]

November 20, 1908.

Nos. 15,850—(202).

**Tax Title—Redemption Notice.**

In an action by the record owner to quiet title to land on which defendant had a tax title, it is *held* that the failure to serve notice of expiration of redemption upon the plaintiff, who, through another, had cultivated and cropped the land, and was therefore in actual possession, avoided the notice.

Action in the district court for Ramsey county to determine adverse claims to certain land. The case was tried before Hallam, J., who found that plaintiff was owner in fee simple of the premises described. From an order, denying defendant's motion for a new trial, he appealed. Affirmed.

*William G. White,* for appellant.
*James Schoonmaker,* for respondent.

JAGGARD, J.

Plaintiff instituted this action, for the purpose of quieting her record title to the land described, against the defendant, who claimed title under tax proceedings. At the trial no attack was made upon the tax judgment, the tax certificate, or the form of the notice affecting the expiration of the redemption. The trial court held that the notice of expiration was not served as the statute requires upon the person in actual possession of the land when the notice was issued and served. The language of the part of the statute here involved is: "If the person named in such notice cannot be found in the coun-

[1] Reported in 118 N. W. 360.

ty and there be any person in the actual possession of the land in such notice described, the same shall in like manner be served upon him." [Laws 1902, p. 26, c. 2, § 47.] This provision is, of course, mandatory.

One question presented on appeal is whether the testimony, within the familiar rule on that subject, reasonably tended to support this finding of the trial court: Some time prior to October 14, 1904, the "crop of potatoes had been harvested and removed from said premises. On that date there was no inclosure of any sort around said lot, which was not in any manner inclosed, either by a fence or otherwise, but on said date there was plainly visible ridges of earth on said lot from which the crop of potatoes had been dug, and old potato tops and some small potatoes were then lying upon the surface of the ground. That upon the surface of said lot were then more or less weeds and grass, which had grown up upon the same between the potato hills during the season said crop of potatoes had been grown and harvested by the plaintiff as aforesaid." The testimony of four witnesses justified this finding. The position of the defendant, however, is that the potato tops and ridges of earth indicated at best that a crop of potatoes had been raised upon the lot earlier in the year, and that the facts found did not indicate what person raised the crop, nor what particular individual had been in possession of the lot while the crop was being raised. Every evidence of "actual possession" had ceased. This position, we think, is not sound.

The cases in which the exact meaning of the term "actual possession" is considered are to be found principally in the law of adverse possession. "Constructive possession" is a fiction of law. "Actual possession" is a tangible fact. "Actual possession" means the corporeal detention of the property when used in relation to adverse possession. Carey v. Cagney, 109 La. 77, 33 South. 89; Cutting v. Patterson, 82 Minn. 375, 380, 85 N. W. 172; Churchill v. Onderdonk, 59 N. Y. 134, 136; Cleveland v. Crawford, 7 Hun, 616, 619; Newcome v. Crews, 98 Ky. 339, 32 S. W. 947; Lillianskyoldt v. Goss, 2 Utah, 292, 297. Cf. Moulton v. Sidle (C. C.) 52 Fed. 616; Green v. Cumberland, 110 Tenn. 35, 72 S. W. 460.

The actual fencing and inclosing of a tract are not necessary to constitute adverse possession. Ordinary use and the taking of the

ordinary profits of the land will suffice. 1 Am. & Eng. Enc. (2d Ed.) 827, and cases cited in note 1. Id. 828. And see Cutting v. Patterson, 82 Minn. 375, 85 N. W. 172. It is no answer at all to say that such possession did not indicate "what particular individual had been in possession of the lot while the crop was being raised." This would have been equally true if the lot had been fenced and also had upon it a vacant house. The improvement was notice of possession. It was incumbent upon the defendant to find the person in possession.

It follows that the right to redeem the property had not been eliminated. The discussion of the other questions raised, in this view, would be a work of supererogation.

Affirmed.