## ST. PAUL SWIMMING CLUB v. FIRST STATE BANK OF NORTH ST. PAUL.[1]

April 15, 1921.

No. 22,181.

**Foreclosure of mortgage — possession and occupancy of premises.**
The presence within a building upon mortgaged premises, with windows and doors closed and locked, of a large amount of household goods and chattels, furniture and kitchen utensils, though no person be at the time actually residing therein, is evidence of actual possession and occupancy within the meaning of G. S. 1913, § 8111, and sufficient to require a service of the notice of foreclosure as there provided.

Action in the district court for Washington county to set aside the foreclosure of a real estate mortgage. The case was tried before Searles, J., who made findings and as conclusions of law found that the foreclosure proceedings were void by reason of the failure on the part of defendant to serve personal notice as required by statute, and ordered judgment in favor of plaintiff on condition that defendant pay to the defendant or to the clerk of court for its use the total amount due on the mortgage debt. Defendant's motion to vacate the judgment and amend the findings and conclusion of law was granted as to the finding of facts and denied as to the conclusion of law. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Morphy, Bradford & Cummins,* for appellant.
*Arthur Le Sueur* and *R. Edison Barr,* for respondent.

BROWN, C. J.
Action to set aside the foreclosure of a real estate mortgage on the ground of an alleged fatal defect in the foreclosure proceedings. Plaintiff had judgment and defendant appealed.

Plaintiff is a corporation organized under the laws of this state. It was the owner of the premises in question, and on July 10, 1915, mortgaged

[1] Reported in 182 N. W. 514.

the same to defendant to secure the payment of the sum of $500 with interest at the rate of seven per cent per annum. There was default in the payment of an instalment of interest due in July, 1917, and because thereof a foreclosure of the mortgage by advertisement, as authorized by statute. The foreclosure proceedings were commenced in November, 1917, and completed in January, 1918, by a sale of the mortgaged premises for the full amount due, defendant being the purchaser. The usual sheriff's certificate of sale was duly issued and recorded in Washington county, wherein the premises are situated. There was no redemption. Plaintiff claims to have been unaware of the foreclosure, and did not learn thereof until the redemption year had expired.

This action to set the foreclosure aside is founded on the allegation that no notice thereof was given as required by G. S. 1913, § 8111, wherein it is provided that, in addition to the published notice, a copy thereof shall be served "upon the person in possession of the mortgaged premises, if the same are actually occupied," at least four weeks before the day of sale. There was no such service, the claim of defendant being that the premises were not in the possession of any one and were vacant and unoccupied. Plaintiff remained the owner of the property, and if in actual possession thereof, within the meaning of the statute, at the time of the foreclosure, personal service of the notice of sale was necessary to the validity of the proceedings. This presents the only question in the case, defendant contending that there was no actual possession of the premises while plaintiff contends that there was.

There is no dispute about the facts. The real estate consists in a small tract of land near White Bear Lake. Situated thereon is a club house for the use and comfort of the members of plaintiff corporation. It is in fact personally occupied by such members during the months of May to October each year, being equipped and supplied with household goods, furniture, kitchen and dining-room utensils, bedding, boats and other articles of personal effects used and kept in lake shore summer homes or club houses when not in actual use, and of the value of several hundred dollars. During the time between the first of October and the first of May the building is closed, but all the property and effects referred to are stored and kept therein, the doors being secured by padlocks in addition to the ordinary locks. No person remains upon or about

the premises during the closed season, but the actual control of the building in the manner stated remains with plaintiff and its officers. Such was the situation at the time of the foreclosure proceedings, and was known to the process server who was sent out by defendant to serve the notice of foreclosure. He testified that he visited the premises in November, pending the foreclosure proceeding, found the doors fastened by padlocks, and by looking through the windows discovered the presence of the household goods and property heretofore referred to stored therein. He returned that the premises were vacant and unoccupied. The court found the facts substantially as stated, and further that the officers of defendant well knew the secretary of plaintiff who had charge of its affairs, but made no attempt to notify him of the foreclosure proceedings.

Upon this state of the facts that court concluded as a matter of law that the premises were in the actual possession and occupancy of plaintiff at the time of the foreclosure, and that the failure to serve the notice of sale was fatal to the validity of the proceedings. The court ruled in harmony with our decisions in like cases, and correctly held that, though no officer or agent of plaintiff was upon or about the premises in the personal charge thereof, yet the premises were in the actual occupancy of plaintiff within the meaning of the statute. Wallace v. Sache, 106 Minn. 123, 118 N. W. 360. The decision in that case would seem quite conclusive on the facts here presented. There, a case involving the validity of a tax title, the notice of expiration of redemption was required to be served on the person in the actual possession of the premises, and it was held that evidence of cultivation of the land, obvious from appearances, was proof that some one was in possession thereof within the meaning of the statute, and that it was incumbent on the person charged with the service to ascertain who such person was and serve the notice upon him. The case cannot well be differentiated from that at bar, for here the presence within the building of the goods and chattels referred to was conclusive that some one was in the possession and control of the premises, and the fact that such possession and control were in the mortgagor could readily have been ascertained. See also Cutting v. Patterson, 82 Minn. 375, 85 N. W. 172.

Judgment affirmed.