Raymond WIRTZ, et al., Appellants,

v.

BARDON LAND COMPANY, et al., Defendants,

Fred W. Walkki, et al., Respondents,

State of Minnesota, Respondent.

No. 46839.

Supreme Court of Minnesota.

July 29, 1977.

Rehearing Denied Sept. 19, 1977.

Bischoff & Sellman and Richard K. Sellman, Hibbing, for appellants.

Stein & Stein and Manuel H. Stein, Hibbing, for Walkki.

Keith M. Brownell, County Atty., Duluth, for State.

Heard before SHERAN, C. J., and Mac-LAUGHLIN and SCOTT, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, Justice.

Plaintiffs, who commenced this action to quiet title to certain unimproved land, appeal from a judgment in which it was determined that defendants, Katherine Walkki and George Thomas Walkki, were the owners of the land in question. Because we have concluded that the trial court applied an inapplicable statute to the facts of this case, we reverse and order that title to the land be vested in the plaintiffs.

Plaintiffs, Raymond and Ruth Wirtz, husband and wife, brought this action on August 9, 1972, to quiet title [1] to land which they had acquired by a state assignment certificate after its sale to the state of Minnesota pursuant to a judgment for delinquent real estate taxes. The subject property is situated in the county of St. Louis and is legally described as follows:

"Northeast Quarter of Northeast Quarter (N.E. ¼ of N.E. ¼), Section 27, Township 58, Range 19, according to the United States Government survey thereof."

The summons and complaint were properly served on various defendants who included, among others, Fred Walkki, the former record owner of the property, and Katherine Walkki, his wife, who later claimed title pursuant to an unrecorded quitclaim deed.

The following facts are undisputed by the parties. Since 1960, Katherine and Fred Walkki have been husband and wife. On April 26, 1962, Fred Walkki purchased the subject property by probate deed, which was filed for record in the office of the St. Louis County Register of Deeds on April 30, 1962. In 1964, Fred Walkki failed to pay the real estate taxes assessed against the subject property, [2] and on April 15, 1965, a real estate tax judgment was entered to enforce payment of these delinquent taxes.

Pursuant to the real estate tax judgment, the property was offered for sale in the office of the county auditor of St. Louis County. Since no person bid an amount equal to that for which the parcel was subject to be sold, it was bid in by the state of Minnesota on May 19, 1965, for the sum of $20.65. The state's interest in the property was subsequently assigned for $91.36 to plaintiffs, as joint tenants, by a state assignment certificate dated August 6, 1969.

On July 15, 1970, more than 5 years after the subject property had been sold to the state, [3] the St. Louis County Auditor prepared a notice of expiration of the time period for redemption, directed to Fred Walkki, the owner of record and the person in whose name the property was assessed. This notice was personally served on Fred Walkii on July 30, 1970, by the St. Louis County sheriff, as evidenced by the affidavit of service filed with the county auditor the following day. The notice informed Fred Walkki that the time for redemption of the subject property would expire 60 days after filing of the proof of service of the notice.

On October 26, 1970, after the 60-day period for redemption had expired and the subject property had not been redeemed, plaintiffs recorded the state assignment certificate in the office of the county re-

---

1. See, Minn.St. 284.04.

2. Real estate taxes were not paid on this property for the years 1964, 1965, 1966, 1967, and 1968, but the instant case concerns only the unpaid taxes for 1964.

3. Minn.St. 1971, § 281.17, provided in part: "The stated period of redemption of all lands sold to actual purchasers or bid in for the state at any tax judgment sale hereafter held shall be five years from the date of sale."

This section was amended by L.1975, c. 437, art. 13, § 1, to provide: "The stated period of redemption for all lands sold to an actual purchaser or bid in for the state at a tax judgment sale held after December 31, 1975, shall be three years from the date of sale if the land is within an incorporated area unless it is: (a) Homesteaded land as defined in section 273.13, subdivision 7, (b) agricultural land as defined in section 273.13, subdivision 6, or (c) seasonal recreational land as defined in section 273.13, subdivision 4, in which event the stated period of redemption is five years from the date of sale."

corder. Nearly 2 years later, plaintiffs commenced this action to quiet title.

The matter was tried without a jury before the district court judge and before a St. Louis County Examiner of Titles, sitting as referee.[4] At trial, defendant Katherine Walkki introduced into evidence two unrecorded quitclaim deeds and an unrecorded order of the St. Louis County District Court in a change of name proceeding brought by her son by a former marriage, George Thomas Unkovich. In one deed, dated March 23, 1966, Fred Walkki and Katherine Walkki conveyed Fred Walkki's recorded interest in the subject property by an unrecorded quitclaim deed to one Catherine McCabe. On the same date, Catherine McCabe reconveyed the subject property by another unrecorded quitclaim deed to Katherine Walkki and to her son, George Thomas Unkovich. Subsequently, George Thomas Unkovich petitioned for a change of name to George Thomas Walkki, granted by order of the district court on May 13, 1966, which stated that the petitioner had an interest in the subject property and that the order should be recorded in the office of the county recorder of St. Louis County. However, the change of name was never recorded.

In addition to the above facts established at trial, Katherine Walkki testified that the notice of expiration of redemption had been served on her husband, Fred, while she was not at home, but that "when I came home, Fred had the papers."

The referee submitted findings of fact and recommendations to the trial court, the trial court adopted the referee's findings and recommendations in their entirety, and judgment was entered.

The trial court concluded that the notice of expiration of redemption was properly served on Fred Walkki and that the 60-day period had expired without his proper redemption. However, the trial court decided that the period of redemption had not expired as to Katherine and George Walkki since they had not been served with notice of expiration of redemption. On this basis, the trial court concluded that the auditor's certificate that the period of redemption had expired, appearing on plaintiffs' recorded state assignment certificate, was void and of no force and effect as against Katherine and George Walkki and that they were the owners of the property in fee simple as joint tenants. Plaintiffs then took this appeal from entry of the judgment.

Defendants state that Katherine and George Walkki were "in occupation and possession" of the subject property because Katherine Walkki had raised hay on the land for commercial purposes, and had grazed cattle there from 1964 to 1968. Although plaintiffs dispute defendants' alleged occupation of the land, we have concluded contrary, to the trial court, that the issue of possession is not determinative of the outcome of this case.

Defendants argue, and the trial court apparently agreed, that Minn.St. 281.23 is the statute that applies to the facts of this case.[5] Section 281.23, subd. 1, provides notice requirements where a parcel of land has been bid in by the state at a tax judgment sale but has not been sold or assigned to an actual purchaser before the 60-day period of notice of expiration of redemption begins to run. This section states:

"In case any parcel of land bid in for the state at any tax judgment sale hereafter held has not been sold or assigned to an actual purchaser by 60 days before the expiration of the stated period of redemption of such parcel, it shall be the duty of the county auditor thereupon forthwith to give notice of expiration of

4. Rule 53.01, Rules of Civil Procedure, authorizes the trial court to appoint a referee. Rule 53.05(1) states that the referee shall prepare a report upon the matters submitted to him by the order of reference and, if required to make findings of fact and conclusions of law, he shall set them forth in the report.

5. No statutes of any kind were mentioned in the findings, conclusions and order of the trial court.

the time for redemption of such parcel, as herein provided; provided, that delay in giving such notice shall not affect the validity thereof."

Minn.St. 281.23, subd. 5, sets forth the method for giving notice of expiration of the time for redemption under the circumstances described in § 281.23, subd. 1, and provides in pertinent part:

"Forthwith after the commencement of such publication the county auditor shall deliver to the sheriff of the county a sufficient number of copies of such published notice for service upon the persons in possession of all parcels of such land as are actually occupied, together with a copy of the posted notice or notices referred to in such published notice. Within 30 days after receipt thereof, the sheriff shall make such investigation as may be necessary to ascertain whether the parcels covered by such notice are actually occupied or not, and shall serve a copy of such published notice upon the person in possession of each parcel found to be so occupied, in the manner prescribed for serving summons in a civil action."

Defendants assert that since they were "persons in possession" of the property, the failure of the sheriff to serve such notices upon Katherine Walkki and George Walkki, made the notice procedure defective as to them.

However, defendants apply the wrong sections of chapter 281 since Minn.St. 281.23 sets forth the notice procedure where parcels of land are bid in by the state at tax judgment sales and *have not been sold or assigned* to an actual purchaser 60 days before the expiration of the stated period of redemption. In the instant case, the tax-forfeited land *was assigned to plaintiffs* on August 6, 1969, almost a year before the 60-day period began to run. Therefore, as plaintiffs correctly contend, the statutes which apply to the facts of this case are §§ 281.21 and 281.13. Minn.St. 281.21 provides:

"*Notice of expiration of the time for redemption* of any parcel *of lands sold* to an actual purchaser at any tax judgment

sale hereafter held, or *bid in for the state at any such sale and thereafter assigned to an actual purchaser, shall be given and served as provided by section 281.13.* Such notice may be issued and served at any time not earlier than 60 days before the expiration of the stated period of redemption of such parcel from such sale. The time for redemption of any such parcel from such sale shall expire 60 days after the service of such notice and the filing of proof thereof in the office of the county auditor." (Emphasis supplied.)

The subject property had been bid in for the state at a tax judgment sale and was later assigned to plaintiffs long before the 60-day period began to run. Hence, notice of expiration of the time for redemption of the property was to be given and served as provided for in § 281.13. Minn.St. 281.13 sets forth the procedure for notice as follows:

"Every person holding a tax certificate * * * may present such certificate to the county auditor; and thereupon *the auditor shall prepare,* under his hand and official seal, *a notice, directed to the person or persons in whose name such lands are assessed,* specifying the description thereof, the amount for which the same was sold, the amount required to redeem the same, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire. *If, at the time when any tax certificate is so presented, such lands are assessed in the name of the holder of the certificate, such notice shall be directed also to the person or persons in whose name title in fee of such land appears of record* in the office of the county recorder. The auditor shall deliver such notice to the party applying therefor, who shall deliver it to the sheriff of the proper county for service. Within 20 days after its receipt by him, *the sheriff shall serve such notice upon the persons to whom it is directed, if to be found in his county,* in the manner prescribed for serving a summons in a civil action; *if not so found, then upon the person in possession of the land,* and

make return thereof to the auditor. In the case of land held in joint tenancy the notice shall be served upon each joint tenant. If one or more of the persons to whom the notice is directed cannot be found in the county, and there is no one in possession of the land, of each of which facts the return of the sheriff so specifying shall be prima facie evidence, service shall be made upon those persons that can be found and service shall also be made by three weeks' published notice, proof of which publication shall be filed with the auditor." (Emphasis supplied.)

This statute states the method to be followed for giving notice under the circumstances of the instant case. The notice prepared by the auditor is "directed to the person or persons in whose name such lands are assessed." If the lands are assessed in the name of the holder of the tax certificate, then the notice is to be "directed also to the person or persons in whose name title in fee of such land appears of record in the office of the county recorder." After delivery of the notice to the sheriff of the proper county, "the sheriff shall serve such notice upon the persons to whom it is directed, if to be found in his county." Only in the event that those persons to whom the notice is directed are not found is the sheriff then directed to serve notice upon the person in possession of the land. If one or more of the persons to whom notice is directed are not found and if, in addition, there is no one in possession, then service may be made by 3 weeks' published notice.

It seems clear that by differentiating between parcels of land which have not been sold or assigned by the state before the 60-day period of expiration of redemption and those which have been sold or assigned

prior to this period, the legislature intended that the notice provisions in those cases in which land is still held by the state should be more stringent than those where the land has been sold or assigned. Of course, in the instant case, the land had been assigned to the plaintiffs.

The trial court found that plaintiffs' service of notice of expiration of redemption was proper and sufficient upon Fred Walkki, and that the period of redemption had expired as to him without proper redemption having been made. Further, the trial court found that the period of redemption had not expired as to Katherine and George Thomas Walkki since there was no proof that notice had been served on them. However, since § 281.13 and not § 281.23 is the applicable section for giving proper notice in the instant case, it is clear that Fred Walkki was the only person who had to be served with notice of expiration of redemption. It was in Fred Walkki's name alone that the subject property was assessed. Moreover, title in fee of the subject property appeared of record in his name in the office of the county recorder of St. Louis County at the time notice was given.

Whether Katherine Walkki was a "person in possession" of the subject property is not relevant to the disposition of this case, because the statute clearly states that persons in possession need be served only if the person or persons to whom notice is directed pursuant to the statute are not found. Since Fred Walkki, in whose name the land was assessed, was personally served by the sheriff, the statute was complied with fully.[6] The fact that Katherine and George Walkki claim title pursuant to an unrecorded deed is not relevant to the resolution of this case [7] since they were not the recorded

6. Defendants' reliance on *Weathers v. Anderson*, 290 Minn. 225, 189 N.W.2d 398 (1971), is misplaced. In the *Weathers* case there was no personal service on anyone, and the case turned upon the question of whether anyone was in possession of the property, which consisted of several buildings and 420 feet of lakeshore on Burntside Lake. We held that under the circumstances of that case there were persons in possession, and that it was incumbent on a party seeking to eliminate a right of re-

demption to use every reasonable means to find and personally serve those in possession.

7. Although Katherine and George Walkki claim title to the subject property by unrecorded deeds of March 23, 1966, there is a mortgage to Northern State Bank of Virginia, dated July 22, 1966, and recorded August 17, 1966, executed by Fred and Katherine Walkki. These two positions cannot be reconciled.

fee owners or persons in whose name the property was assessed. There is nothing in Minn.St. 281.13 requiring personal service of notice of expiration of redemption upon unknown persons who claim an interest by virtue of unrecorded deeds, or on those in possession where proper personal service is made on those to whom the notice is properly directed pursuant to the statute.

Since the trial court found that the time had expired for redemption of the property by Fred Walkki, and that no redemption had occurred, this matter must be remanded so that title may be vested in plaintiffs pursuant to the state assignment certificate recorded with the county recorder.

Reversed and remanded.

