**In the Matter of the Application of Milton G. THIELKE and Edith E. Thielke to register Title to certain land.**

**No. C2–85–116.**

Court of Appeals of Minnesota.

Sept. 10, 1985.

James R. Paulson, Duluth, for appellant.

Timothy N. Downs, Duluth, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Milton G. Thielke and Edith E. Thielke appeal the trial court's order of November 6, 1984 denying their application to register title to certain land. We affirm.

## FACTS

The disputed property is in St. Louis County and had been owned by Eugene Schumacher and Henrietta Schumacher (respondents) or members of their family since before World War I.

This case originated when respondents or their predecessors in title did not pay the 1971 tax due on the property. Because of the nonpayment of this $8.77 tax, a real estate tax judgment was entered in favor of the State of Minnesota on April 17, 1972. On May 8, 1972, appellants paid the St. Louis County Auditor $8.77 for the 1971 real estate taxes and received a Certificate of Tax Sale dated May 16, 1972. That document assigned the state's interest in the property to appellants.

At appellants' request, the county auditor's office issued a notice of expiration of redemption, dated November 8, 1977, to Gerald Collins, one of respondents' predecessors in title. The notice stated that the property had been sold in 1972 for failure to pay the 1971 real estate taxes. The notice stated that taxes were also due on the property for the years 1973, 1974, and 1975. It also indicated that the property owner had 60 days from the date of service to pay delinquent taxes to avoid a tax forfeiture on that property.

The St. Louis County Sheriff attempted to serve this notice, but was unsuccessful since the land is undeveloped and no one was there that day. Collins never received this notice. At the time, he lived in Wolf Point, Montana.

In early November 1977, Collins telephoned the St. Louis County Auditor's Office and asked for information regarding any delinquent real estate taxes on the property. He told the office he wanted to pay the necessary sum to avoid a tax forfeiture. Collins was informed that taxes were due for 1973, 1974, and 1975. The auditor's office did not tell him about the 1971 taxes since appellants had already paid it. No one told Collins about the 1972 tax judgment or about the notice of expiration of redemption that had been issued. Collins paid the $33.46 which was due for the years 1973, 1974 and 1975 and received a receipt dated November 15, 1977.

Since the sheriff had not been able to serve the notice of expiration of redemption within the county, service by publication was issued in a Duluth newspaper on December 15, 22, and 29, 1977. That notice contained incorrect information, since it stated that the 1973–1975 taxes were due on that property. In fact, Collins had already paid for the 1973, 1974 and 1975 taxes, over a month before the notice was published.

The policy of the St. Louis County Auditor's Office is to mail a letter to the taxpayer when the notice of expiration of redemption is issued, to notify the owner when the time to redeem the property will expire. Testimony indicated that the office had Collins' Montana address. However, Collins received no such notice.

Collins thought his fee title was free from any tax forfeiture since he called the auditor's office and paid the taxes they told him were due. A 1978 real estate tax statement Collins received showed no delinquent real estate taxes. Respondents and their predecessors in title paid the real estate taxes on the property through 1982. None of those notices indicated that the property had been sold in 1972 for 1971 taxes.

Respondents and their predecessors in title used the property occasionally from 1960 to 1980 for camping, and other limited recreation use. This use was limited to several days per year.

Appellants attempted to register the land in their name. Collins was served with a summons at his residence in Montana in 1982. This was the first notice he received that appellants had any interest in the property.

The trial court denied appellants' application to register the land. Appellants seek review of this ruling.

### ISSUES

1. Did the trial court have jurisdiction to hear this case under Minn.Stat. § 284.10 (1976)?

2. Did the respondents receive adequate notice regarding the tax forfeiture?

### ANALYSIS

■ 1. Any party asserting an action or defense respecting land forfeited to the state for taxes, must at the time of filing, pay the taxes and costs which accrued against the land at the time of forfeiture. Minn.Stat. § 284.10 (1976). There are two exceptions. No fees need be paid at filing time if the claim is partly based on the grounds that the land was tax exempt or that the taxes have been paid. *Id.*

Here, respondents paid all taxes which the auditor's office told them were due. Hence, respondents fulfill the requirements of the statutory exception, since they claim taxes due were paid. The trial court properly had jurisdiction over this case.

2. The trial court denied appellants' application to register the disputed land. The court noted that the county auditor had respondents' address but sent no notice. The court reasoned that allowing appellants to register forty acres of land after paying only $8.77 would be unconscionable.

Appellants argue that the trial court erred since the statutory forfeiture procedure was followed. We disagree.

The statutory requirements for the service of notice of expiration of redemption must be strictly followed. *Weathers v. Anderson*, 290 Minn. 225, 234–35, 189 N.W.2d 398, 404 (1971). The published notice of December 1977 was flawed since it stated that taxes were also due from the years 1973, 1974 and 1975. In fact, Collins paid the taxes for those three years over a month before notice was published in the Duluth newspaper.

The time for redemption from any tax sale shall not expire until proper statutory notice of expiration of redemption is given. *See* Minn.Stat. § 281.14 (1976). Since proper notice has not been given, the time for redemption has not started to run. Therefore, appellants may still redeem their land.

Since the period of redemption has not yet expired, the statute of limitations question is moot.

Accordingly, we affirm the decision of the trial court.

### DECISION
We affirm the decision of the trial court.