Keith T. HARSTAD, et al., Appellants,

v.

MOUND INVESTMENT COMPANY, et al., defendants and third party plaintiffs, Respondents,

v.

The STATE of Minnesota, Robert Mattson, in his capacity as the Treasurer of the State of Minnesota, et al., Third Party Defendants.

No. C4–87–1062.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Steven H. Bruns, David A. Price, P.A., New Brighton, for appellants.

Curtis D. Smith, Moss & Barnett, Minneapolis, for respondents.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, for third-party defendants.

Considered and decided by NORTON, P.J., and MULALLY, and LOMMEN, JJ.,* with oral argument waived.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

NORTON, Judge.

This is an appeal from a summary judgment in a quiet title action, upholding a tax forfeiture sale of real estate where the prior owner never received notice of the expiration of its redemption period as required by Minn.Stat. § 281.14. The trial court ruled that Minn.Stat. § 284.28, subd. 1 validates any tax forfeiture sale, regardless of defects in the proceedings.

Before the court issued its ruling, third-party defendant State of Minnesota settled with appellant and respondent. Under the agreement, the state deposited $31,000 with the court. Both parties moved for summary judgment. The court awarded the funds to respondent and the land to appellant. We affirm on other grounds.

## FACTS

The facts are undisputed. Respondents purchased the property by warranty deed dated May 9, 1978, and recorded the purchase on July 31, 1978. The deed indicated that tax statements should be sent to Mound Investment Company (Mound) at its address, which was listed in the instrument. The Anoka County Auditor failed to send any tax statements to Mound. Instead, the tax statements were apparently erroneously sent to the former owner of the property who had sold the property to Mound.

As a result, respondents failed to pay real estate taxes on the property. The Anoka County Auditor initiated tax forfeiture proceedings in 1982, but respondents were given no notice of the proceedings. The property was purchased by the State of Minnesota on October 12, 1982, at a tax judgment sale of land. On July 23, 1984, appellants purchased the property from the state and received an auditor's certificate of tax forfeited land.

Appellants then initiated this action to quiet title. Mound brought a third party complaint against the state, Robert Mattson as Treasurer for the state, and Anoka County, alleging that the tax forfeiture sale and proceeding was defective. The third party complaint stated a cause of action, pursuant to Minn.Stat. § 284.28, subds. 7, 8, and 9, for money damages against the state and the State Treasurer due to the allegedly defective tax forfeiture sale and proceeding.

On December 24, 1986, a settlement of Mound's third party complaint was agreed to by all parties. Under the settlement, the state deposited $31,000 in an interest bearing account with the clerk of the Anoka County district court. The funds were paid out of the state assurance fund, pursuant to Minn.Stat. § 284.28, subd. 8. All parties agreed to dismiss their claims against the state, the State Treasurer, and Anoka County.

After the third party action was settled, appellants and respondents reversed their positions. Respondents offered appellants a quit claim deed, which they refused.

Against this background the trial court ruled that under Minn.Stat. § 284.28, the lack of notice did not affect the title:

> Minn.Stat. § 284.28 (1986) was enacted to deal with situations like the one presented by this case involving title to tax forfeited lands. * * * As the foregoing statute indicates, claims based upon defective forfeiture proceedings do not affect the title to the land.

The court ruled that instead, the statute provides that any claimant who by failure of a public employee is unjustly deprived of any land may sue for damages out of the state assurance fund. *See* Minn.Stat. § 284.28, subd. 7 (1986).

The court further held:

> In the instant case, [respondents, Mound, et al.] are the ones who have been "deprived" of their land as a result of the defective forfeiture proceedings. Thus, the [respondents] are entitled to monetary compensation from the State Assurance Fund. That money has been deposited with the District Court and [respondents] are, therefore, entitled to receive it.

## ISSUE

Do purchasers of tax forfeited property have standing to contest the validity of the

sale on the grounds that the prior owner had no notice of expiration of their redemption period?

## ANALYSIS

This is a case of first impression. Our statutes provide:

The time for redemption from any tax sale, whether made to the state or to a private person, shall not expire until notice of expiration of redemption, as provided in section 281.13, shall have been given.

Minn.Stat. § 281.14 (1986). Section 281.13 requires in part that the notice be given to the person in whose name the land is assessed, the person in whose name fee title appears of record, and persons in actual possession of occupied land. A sheriff must personally serve the notice upon the persons to whom it is directed to give notice. Minn.Stat. § 281.13 (1986).

The question here is whether the statutory notice provisions are superseded by section 284.28, subd. 1, which in broad language validates *any* forfeiture, no matter what the defect in the proceedings. Even prejudicial and jurisdictional flaws will not "fetter" the title. Minn.Stat. § 284.28, subd. 1 (1986).

The statute provides:

Subdivision 1. (a) The title of the state, or its successors in interest, to land forfeited for delinquent taxes shall not be held invalid in any action or proceeding by reason of any failure, omission, error or defect in the proceedings respecting the taxation of the land or forfeiture thereof, including without limitation:

(i) substantial or prejudicial defects, including both nonjurisdictional and jurisdictional defects, in the tax forfeiture proceedings;

\* \* \* \* \* \*

(iv) prejudice to the interests of persons under disability referred to in subdivision 4, except within the limitation periods provided in this section. *It is the policy of the state of Minnesota that except as otherwise provided in this section the failures, omis-*

*sions, errors or defects shall not fetter the marketability of real estate.*

*Id.* (emphasis added).

Appellants claim that the court erred by applying section 284.28 to uphold the tax forfeiture. They argue that because proper notice of expiration of redemption was never given to respondents, under section 281.14, the time for redemption has not run. *See* Minn.Stat. § 281.14. Thus, they argue the state did not obtain good title, and, it follows, never actually conveyed good title to appellants. In support, appellants cite several cases that hold that the failure to give statutory notice invalidates the tax forfeiture. *See Nygren v. Patrin,* 288 Minn. 54, 58–59, 179 N.W.2d 76, 79 (1970) (where there was no service of notice on the persons in possession, the tax forfeiture was invalid); *McHardy v. State,* 215 Minn. 132, 138–140, 9 N.W.2d 427, 431 (1943) (defective service is a prejudicial and jurisdictional flaw which invalidates the tax forfeiture); *Wallace v. Sache,* 106 Minn. 123, 124–25, 118 N.W. 360, 361 (1908) (notice provisions are mandatory and failure to properly serve person in possession means the right to redeem has not been eliminated); *Pipkorn v. Dunn,* 408 N.W.2d 705, 707 (Minn.Ct.App.1987) (statutory notice of Minn.Stat. § 281.23, including personal service, is required; failure to give proper notice invalidates the forfeiture), *pet. for rev. denied* (Minn. Sept. 30, 1987); *In re Thielke,* 374 N.W.2d 184, 187 (Minn. Ct.App.1985) ("statutory requirements for the service of notice of expiration of redemption must be strictly followed;" redemption period had not expired where published notice was flawed).

We decline to rule on whether the statutes are conflicting, because we are persuaded by Mound's claim that appellants had no standing to raise the notice issue and that Mound waived its right to notice. The notice statute is designed to protect land owners from unjust tax forfeitures, not purchasers who later wish to rescind their purchase. Appellants were granted the relief sought in their original complaint to quiet title. They should not be allowed

the benefit of the money as well as owner-
ship of the land.

## DECISION

Appellants, as purchasers of tax forfeit-
ed property, have no standing to contest
the validity of the sale on the grounds that
the owners had no notice of expiration of
their redemption period.

Affirmed.